UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD O'NEIL WHITTED,<br><br>                              Plaintiffs,<br><br>         -against-<br><br>P.O. E. MARSH #72 (BADGE NUMBER);<br>P.O. STECHER # 15 (BADGE NUMBER;<br>P.O. M.R. # 19 (BADGE NUMBER; P.O.<br>RAGNI #99 (BADGE NUMBER,<br><br>                              Defendants. | 7:24-CV-1659 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Richard O'Neil Whitted, who appears pro se and is presently held in the

Dutchess County Jail, has filed this Action seeking damages.  He sues: (1) City of Poughkeepsie

("COP") Police Officer E. Marsh; (2) COP Police Officer Stecher; (3) COP Police Officer

"M.R."; and (4) COP Police Officer Ragni.  The Court construes Plaintiff's complaint as

asserting claims under 42 U.S.C. § 1983, as well as claims under state law.

By order dated March 26, 2024, the Court granted Plaintiff's application to proceed in

forma pauperis ("IFP"), that is, without prepayment of fees.  (Dkt. No. 5.)[1]  The Court: (1)

directs service on all of the identified defendants, including Defendant M.R.; (2) directs the

Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, "John Doe" as a

defendant; and (3) directs COP Corporation Counsel to provide to the Court and to Plaintiff the

identity of the "John Doe" defendant, his/or her badge number, and the address where that

defendant may be served.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.      Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on identified Defendants (Defendants Marsh, Stecher, M.R., and Ragni) through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants.  The Clerk of Court is further instructed to issue summonses for the identified Defendants and deliver to the United States Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the identified Defendants.

If the complaint is not served on the identified defendants within 90 days after the date that summonses for the identified defendants are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if he fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the identified Defendants until the Court reviewed the complaint and ordered that summonses for the identified defendants be issued.  The Court therefore extends the time to serve the identified defendants until 90 days after the date that summonses for the identified Defendants are issued.

**B.**      **Rule 21 of the Federal Rules of Civil Procedure**

The Court understands Plaintiff's Complaint's reference to "three (3) other John Doe Officers" (ECF 1, at 4) as a reference to Defendants Stecher and M.R., and to one other unidentified COP Police Officer, not presently named as a defendant, who was also involved in the events alleged in the Complaint.  Accordingly, in light of Plaintiff's pro se status, and pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court directs the Clerk of Court to add "John Doe" as an additional Defendant in this action; this Defendant corresponds to the third "John Doe" COP Policer Officer referred to in Plaintiff's Complaint.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

**C.**      **Defendant "John Doe"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient information to permit the COP Police Department to identify the unidentified "John Doe" defendant – a COP Police Officer who, along with Defendants Marsh, Ragni, Stecher, and M.R., was present when Plaintiff was arrested, in the vicinity of 221 Smith Street, Poughkeepsie, New York, on or about November 30, 2023.  It is therefore ordered that the Corporation Counsel of the COP, who is the attorney for and agent of the COP Police Department, must ascertain the identity, badge number, and service address of the unidentified "John Doe" Defendant.  The Corporation Counsel must provide this information to the Court and to Plaintiff within 60 days of the date of this order.[3]

---

[3] The Court also encourages the Corporation Counsel to ascertain and to provide to the Court and to Plaintiff the full identity of Defendant M.R.

3

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant, who is now identified as "John Doe," by that person's true identity.[4]  The amended complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on that newly identified defendant.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add "John Doe" as an additional Defendant. *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to issue summonses for the identified Defendants (Defendants Marsh, Stecher, M.R., and Ragni), include those defendants' badge numbers in the respective summonses, complete USM-285 forms with the service addresses of each of those defendants, and deliver all documents necessary to effect service on those Defendants to the United States Marshals Service.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the Complaint to the Corporation Counsel of the City of Poughkeepsie, at 62 Civic Center, 3rd Floor, Poughkeepsie, New York 12601.

---

[4] If Plaintiff learns of Defendant M.R.'s full name, the Court encourages Plaintiff to refer to Defendant M.R. by his/her full name in the amended complaint.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:   April 25, 2024
         White Plains, New York

_____
                        KENNETH M. KARAS
                     United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Police Officer E. Marsh
        Badge No. 72
        City of Poughkeepsie Police Department
        62 Civic Center Plaza
        Poughkeepsie, New York 12601

2.      Police Officer Stecher
        Badge No. 15
        City of Poughkeepsie Police Department
        62 Civic Center Plaza
        Poughkeepsie, New York 12601

3.      Police Officer M.R.
        Badge No. 19
        City of Poughkeepsie Police Department
        62 Civic Center Plaza
        Poughkeepsie, New York 12601

4.      Police Officer Ragni
        Badge No. 99
        City of Poughkeepsie Police Department
        62 Civic Center Plaza
        Poughkeepsie, New York 12601

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                  Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____