UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD O'NEAL WHITTED,

                    Plaintiff,

          -against-                                    No. 24-CV-1659 (KMK)
                                                       ORDER
P.O. E. MARSH, *72 Badge Number, et al.*,

                    Defendants.

KENNETH M. KARAS, United States District Judge:

        Plaintiff Richard O'Neal Whitted ("Plaintiff"), currently incarcerated at Greene

Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983, alleging that

Defendant Police Officers E. Marsh, Stetcher, M. Ragni, and B. Sukeema ("Defendants") used

excessive force in violation of Plaintiff's Fourth Amendment rights while effectuating his arrest,

resulting in a fracture to his right elbow and other injuries.  (Second Am. Compl. ("SAC") 2–3

(Dkt. 52).)  Plaintiff seeks an unspecified amount of compensatory and punitive damages.  (*Id*. at

6.)  By order dated March 26, 2024, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, in forma pauperis.  (*See* Dkt. 5.)

        On August 28, 2025, Plaintiff submitted an Application for the Court to Request Pro

Bono Counsel.  (*See* Plaintiff's Application ("Pl.'s Application") (Dkt. 76).)  Plaintiff alleges

that he "need[s] a lawyer in this case because [of his] lack of [legal] knowledge" and intermittent

access to the law library.  (*Id*. ¶ B.)  Plaintiff also states that he has "sent out letters to many

firms for legal assistance" but has not received any responses.  (*Id*. ¶ C.)  For the following

reasons, Plaintiff's request is denied without prejudice.

        Although there is not a constitutional right to counsel in civil cases, the Court has the

authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road

discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).  First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (internal quotation marks omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.' " *Morris*

2

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff alleges that on November 23, 2023, he was pulled over by Defendant Police Officers Marsh and Ragni and asked to step out of the vehicle and place his hands on the roof of the car. (SAC 3). Plaintiff claims that Defendant Ragni then grabbed a finger on his left hand and "deliberately twisted [his] left wrist[,]" causing him to reflexively withdraw his hand in "extreme pain[.]" (*Id.*) Plaintiff alleges Defendants Marsh and Ragni then "slammed [him] to the ground" and "continued to assault [him]" before Defendant Officers Strecher and Sukeema joined in "with punches and kicks [that] rendered [Plaintiff] unconscious." (*Id.*) Plaintiff eventually "came to from pain from [his] fractured elbow" before he was "handcuffed and dragged to the police vehicle[]" by the Defendants. (*Id.*) As a result of this incident, Plaintiff claims to have suffered a "fracture to [his] right elbow," "multiple contusions on [his] forehead" and "abrasions/scrapes and scars" on his knees and elbows. (*Id.*)

To begin, Plaintiff's request states that he has contacted many firms in an effort to obtain legal assistance but has not received any responses. (Pl.'s Application ¶ C.) While the Court appreciates this effort to obtain counsel, this factor alone does not outweigh the additional *Hodge* factors discussed below. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the

fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at \*1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). As to the second inquiry regarding prudential factors, the Court finds that Plaintiff has not demonstrated why he needs counsel.

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel. Plaintiff's "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at \*10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey her arguments to the Court, *see Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at \*2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting h[er] positions clearly"). While Plaintiff says he needs an experienced attorney to help him navigate the legal proceedings in this case, (*see* Pl.'s Application ¶ B), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at \*1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at \*2 (S.D.N.Y. Aug. 6, 2008)

(noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).

Additionally, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at \*2. Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at \*2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]. *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at \*1 (S.D.N.Y. Apr. 9, 1999). While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at \*2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances. The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. 76), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 30, 2025
      White Plains, New York

_____
KENNETH M. KARAS
United States District Judge